IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN PUBLIC SERVICE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § § | 2:20-CV-100-Z-BQ |
| BOLTTECH MANNINGS, INC., | § § § | |
| Defendant. | § | |

### FIRST AMENDED RULE 16 SCHEDULING ORDER

United States District Judge Matthew J. Kacsmaryk referred this case to the undersigned on May 4, 2020, for pretrial management, including scheduling and determination of all non-dispositive motions. ECF No. 8. On August 3, 2020, the Court entered an Original Rule 16 Scheduling Order in accordance with Rule 16(b) of the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Texas, and the Civil Justice Expense and Delay Reduction Plan for the Northern District of Texas. ECF No. 16. Now before the Court is a Joint Motion to Modify Scheduling Order and to Extend Unexpired Deadlines filed by Plaintiff Southwestern Public Service Company, d/b/a Xcel Energy and Defendant Bolttech Mannings, Inc. ECF No. 21. Finding the parties have shown good cause for modification of the current deadlines, the Court enters the following amended scheduling order.

### I. MODIFICATION OF DEADLINES

The deadlines set forth below in this First Amended Scheduling Order can only be modified: (1) "for good cause" and (2) with the judge's consent. *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019) (quoting Fed. R. Civ. P.

16(b)(4)). Rule 16's "good cause" analysis is thorough and considers four factors.[1] Conclusory statements that good cause exists, or that the extension is not sought for the purpose of delay, are insufficient. Requests and motions to extend or modify deadlines in the First Amended Scheduling Order shall directly and specifically address why good cause exists under Rule 16 using each of the four factors:

(1) the explanation for the party's failure to meet the deadline;

(2) the importance of the amendment;

(3) potential prejudice if the Court allows the amendment; and

(4) the availability of a continuance to remedy such prejudice.

Rule 16 does not allow a scheduling order to be modified by agreement of the parties, and the requirements in this section apply whether a request or motion for extension or modification is agreed or opposed.

## II. PRETRIAL SCHEDULE

1. **Trial**: The Court will set a specific trial date by separate order; however, the parties should be ready for trial no later than **December 8, 2021**. The order setting a trial date will schedule trial-related deadlines for matters such as the pretrial conference, pretrial disclosures, motions in limine, and filing the pretrial order, witness and exhibit lists, as well as either proposed findings of fact and conclusions of law or jury issues and instructions.

2. **Joinder of Parties**: All motions to join other parties must be filed no later than **October 6, 2020**.

---

[1] *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003); *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997).

3. **Amendment of Pleadings**: All motions seeking to amend pleadings no later than **October 6, 2020**.

4. **Initial Designation of Experts**: Any party with the burden of proof on an issue shall file a written designation of the name and address of each **expert witness** who will testify at trial on such issue(s) and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **March 26, 2021**.

5. **Responsive Designation of Experts**: Any party without the burden of proof on an issue but who wishes to utilize an expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **April 23, 2021**.

6. **Designation of Rebuttal Experts**: Any party with the burden of proof on an issue who wishes to utilize an expert witness to rebut the opinions of a responsive expert witness shall file a written designation of the name and address of each **expert witness** who will testify at trial for that party on such issue(s) and shall otherwise comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure on or before **May 21, 2021**.

7. **Objections to Experts**: Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, **must** be made in a written motion filed no later than **August 5, 2021**. Objections to experts on other grounds must be filed no later than **August 5, 2021**.

8. ***Daubert* Evidentiary Hearing**: A hearing on the parties' *Daubert* motions, if necessary, shall be set by separate order.

9. **Discovery**:

   a. All fact and expert discovery must be initiated in time to be completed by **July 6, 2021**.

   b. Before moving for any order relating to discovery (including but not limited to a motion to compel or motion for sanctions), the movant must first request a conference with the Court. *See* Fed. R. Civ. P. 16(b)(3)(B)(v). This requirement does not relieve the party seeking relief from first conferring by telephone or meeting face-to-face with the party or parties affected by the proposed motion, including, where applicable, co-plaintiffs or co-defendants. *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284, 289–90 (N.D. Tex. 1988); *accord* Fed. R. Civ. P. 26(c)(1); Fed. R. Civ. P. 37(a)(1); N.D. Tex. L. Civ. R. 7.l(a).

10. **Dispositive Motions**: All motions that would dispose of all or any part of the case, including motions for summary judgment, must be filed, with supporting briefs, by **August 5, 2021**. Cross-motions for summary judgment shall not, except in truly exceptional circumstances, be permitted to be filed after the dispositive motion deadline. No party may file more than one motion for summary judgment without leave of Court. *See* N.D. Tex. L. Civ. R. 56.2(b).

11. **Motions Not Otherwise Covered**: A party must file a motion not otherwise covered by this order no later than **August 20, 2021**. This deadline does not apply to motions in limine.

12. **Mediation**: The parties shall jointly select a mediator and mediate on or before **July 23, 2021**. Within seven (7) days after mediation, the parties shall jointly prepare and file a written report, signed by counsel for each party, detailing the date on which the mediation was held, the persons present (including the capacity or any representative), and a statement informing the Court of the effect of the mediation and whether this case has been settled by agreement of the parties.

13. The Court is aware of a trend in which fewer cases go to trial, and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for young

lawyers (i.e., lawyers practicing for less than seven years).  The Court strongly encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response.  In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a young lawyer will weigh in favor of holding a hearing.  The Court understands that there may be circumstances where having a young lawyer handle a hearing might not be appropriate— such as where no young lawyers were involved in drafting the motion, or where the motion might be dispositive in a "bet-the-company" type case.  Even so, the Court believes it is crucial to provide substantive speaking opportunities to young lawyers, and that the benefits of doing so will accrue to young lawyers, clients, and the profession generally. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

14. **Compliance with this Order**:  Counsel and the parties are expected to comply fully with this Order.  Failure to comply will cause the Court to consider the entire range of sanctions available.

15. **Inquiries**:  Questions relating to this Order should be directed to the law clerk at 806-472-1933.

**SO ORDERED.**

Dated:  September _9_, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

5