UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN PUBLIC SERVICE COMPANY, A NEW MEXICO CORPORATION, d/b/a XCEL ENERGY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-100-Z-BQ |
| BOLTTECH MANNINGS, INC., A PENNSYLVANIA CORPORATION, | § § § § | |
| Defendant. | § | |

**STIPULATED PROTECTIVE ORDER**

The Parties stipulate, and the Court finds, that disclosures and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation are warranted. Accordingly, the Parties stipulate to, and the Court orders, the following:

  1.  All information produced or disclosed in the Action shall be used solely for the prosecution or defense of the Action, including any appeal therefrom and any attempts to settle or otherwise resolve this Action, and shall not be used for any other purpose.

  2.  As used in the Protective Order, these terms have the following meanings:

    (a)  "Action" refers to the above captioned litigation;

    (b)  "Attorneys" means counsel of record, any lawyer regularly employed by a Party, and any such lawyer's staff;

    (c)  "Documents" are all materials within the scope of Fed. R. Civ. P. 34;

(d) "Information" means all Documents, materials, and facts, including without limitation, Documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other facts disclosed pursuant to the disclosure, discovery, or conferral duties created by the Federal Rules of Civil Procedure and Northern District of Texas Local Rules, as well as any similar facts disclosed between counsel for purposes of prosecuting, defending, appealing, or settling this Action.

(e) "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys;

(f) "Parties" includes any of the individuals and entity listed in the caption, as well as any entity affiliated with the Parties listed in the caption and any employees, consultants, or contractors to such entities (each of whom is a "Party"), but does not include the husband, wife, domestic partner, or spouse of any Party.

(g) "Written Assurance" means an executed document in the form attached as Exhibit A.

3. A Party may designate as "Confidential" any Information that is confidential financial, legal, business, trade-secret Information, or other Information that implicates common law or statutory privacy interests of the Parties, their employees, agents, clients, or affiliates.

4. All Information designated as Confidential, as well as all Information derived therefrom, shall not be used, transferred, disclosed, or communicated in any way to any person or entity other than those specified in paragraph 5 below.

5. Access to any Confidential Information shall be limited to:

(a) the Court and its staff;

     (b)     Attorneys, their law firms, and their Outside Vendors;

     (c)     persons shown on the face of a Document to have authored or received it;

     (d)     court reporters retained to transcribe testimony;

     (e)     the Parties; and

     (f)     outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by the Parties, a Party or Attorneys to provide assistance as a mediator, mock juror, or focus group member or the like, or to furnish consulting technical or expert services, and/or to give testimony in this Action.

6.     Nothing in this Protective Order shall restrict the right of a Party to use or disclose its own Information for any purpose.

7.     Non-Parties producing Documents in the course of this Action may also designate Documents as "Confidential", subject to the same protections and constraints as the Parties to the Action. A copy of the Protective Order shall be served along with any subpoena served in connection with this Action. All Documents produced by such non-Parties shall be treated as "Confidential" for a period of 14 days from the date of their production, and during that period any Party may designate such Documents as "Confidential" pursuant to the terms of the Protective Order.

8.     Each person appropriately designated pursuant to paragraphs 5(b)-(f) to receive Confidential Information shall execute a "Written Assurance" in the form attached as Exhibit A. Opposing counsel shall be notified at least 14 days prior to disclosure to any such person who is known to be an employee or agent of, or consultant to, any competitor of the Party whose

designated Documents are sought to be disclosed. Such notice shall provide a reasonable description of the outside independent person to whom disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such disclosure within 14 days after receipt of notice, no disclosure shall be made until the Party seeking disclosure obtains the prior approval of the Court or the objecting Party.

9. All depositions or portions of depositions taken in this Action that contain Confidential Information may be designated "Confidential" and thereby obtain the protections accorded other "Confidential" Documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within 30 days of receipt of the transcript. Unless otherwise agreed, depositions shall be treated as "Confidential" during the 30-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential Information shall be taken only in the presence of persons who are qualified to have access to such Information.

10. Any Party who inadvertently fails to identify Information as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately designated Information. Any Party receiving such improperly designated Information shall retrieve such Information from persons not entitled to receive that Information and, upon receipt of the substitute Information, shall return or destroy the improperly designated Information within five days.

11. If a Party wishes to file with the Court a Document designated by another Party or a non-Party as Confidential, it shall provide three days' notice to the other Party or non-Party. The Parties shall meet and confer regarding whether the Document can be publicly filed and whether

any concerns could be remedied by redacting Confidential Information. If the Parties do not agree, the Party that opposes the public filing may file a motion to seal with the Court pursuant to Local Rule 79.3(b)(2).

12. Any Party may request a change in the designation of any Information designated "Confidential" by providing written notice that identifies the Information to which the objection is made. Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to within ten business days of the notice being received, the Party seeking to designate the Information as Confidential may move the Court for appropriate relief in accordance with its procedures for resolving discovery disputes, providing notice to any non-Party whose Information may be affected. The Party asserting that the material is Confidential shall have the burden of proving that the Information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. If a Party inadvertently discloses a Document or other Information that contains privileged Information, or Information otherwise immune from discovery, that Party shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the Documents be returned. The receiving Party shall return such inadvertently produced Documents, including all copies, within 14 days of receiving such a written request. The Party returning such inadvertently produced Documents may thereafter seek re-production of any such Documents pursuant to applicable law. Further, if a Party receives Documents it reasonably believes to be privileged, it will notify the opposing Party in writing within five days to determine whether a claim of privilege will be asserted.

14. Pursuant to F.R.E. 502(d), a Party's inadvertent disclosure or production of any Documents or Information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that Party of any privilege or protection applicable to those Documents, including the attorney-client privilege, work product protection, and any other privilege or protection recognized by law. The provisions of F.R.E. 502(b) are inapplicable to the production of Documents or Information under this Order.

15. Within 60 days of the conclusion of this Action, including all available appeals, the Parties shall destroy any and all original Confidential Information and copies thereof except counsel may maintain one copy of Confidential Information for their files and may maintain additional files if doing so is necessary to comply with counsel's legal and ethical obligations. Additionally, any Party who disclosed Confidential information to a qualified person pursuant to Paragraph 3 above, shall request that qualified person to destroy any and all original Confidential Information and copies thereof in the qualified person's possession, custody, or control.

16. Any Party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17. No Action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the Action or of any position as to discoverability or admissibility of evidence.

18. By entering this order and limiting the disclosure of Information in this case, the Court does not intend to preclude another court from finding that Information may be relevant and subject to disclosure in another case. Any person or Party subject to this order who becomes

subject to a motion to disclose another Party's Information designated as "Confidential" pursuant to this order shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that Information should be disclosed.

19. The obligations imposed by the Protective Order shall survive the termination of this Action.

STIPULATED TO:

s/Christopher L. Jensen
Christopher Jensen
SPROUSE SHRADER SMITH PLLC

Jacqueline V. Roeder
DAVIS GRAHAM & STUBBS LLP

*Attorneys for Plaintiff Southwestern Public Service Company*

s/Brent Sedge
Tracy Graves Wolf
Brent Sedge
LEWIS BRISBOIS BISGAARD & SMITH LLP

*Attorneys for Defendant Bolttech Mannings, Inc.*

**SO ORDERED.**

Dated: September 10, 2020

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SOUTHWESTERN PUBLIC SERVICE COMPANY, A NEW MEXICO CORPORATION, d/b/a XCEL ENERGY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:20-CV-100-Z-BQ |
| BOLTTECH MANNINGS, INC., A PENNSYLVANIA CORPORATION, | § § § § | |
| Defendant. | § § | |

## EXHIBIT A TO PROTECTIVE ORDER

I, _____, have read the Protective Order entered by the Court. In consideration of being permitted to review Confidential Information, as described in the Protective Order, I agree to comply with the terms set out therein and I further agree that I shall be subject to the jurisdiction of the United Stated District Court for the Norther District of Texas Amarillo Division, for purposes of enforcing the Protective Order.

_____          _____
Date                                                           Signature